IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08-30070 |
| ) | |
| MAX WAYNE WATKINS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Watkins' First Motion in Limine (d/e 14).  Watkins asks the Court to bar the use of any evidence of his prior felony convictions should he elect to testify at trial. For the reasons stated below, this Motion is denied.

The Government has charged Watkins with two counts of wire fraud arising from an alleged scheme to defraud a car dealership and various check service and financing companies.  In 2000, Defendant was convicted of conspiracy to utter or possess counterfeit securities of the United States, uttering or possessing counterfeit securities of the United States, conspiracy to commit money laundering, and mail fraud.  He has moved to exclude any

1

evidence of these prior convictions, arguing that under Federal Rule of Evidence 609(a)(1), a defendant's prior felony convictions are admissible to impeach his testimony only if the Court finds that the probative value of the evidence outweighs its prejudicial effect.  Under Rule 609(a)(2), however, evidence of a conviction is admissible for impeachment "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Convictions qualifying under Rule 609(a)(2) are not subject to a balancing test.  United States v. Noble, 754 F.2d 1324, 1331 (7th Cir. 1985); United States v. Harper, 527 F.3d 396, 408 (5th Cir. 2008); United States v. Tracy, 36 F.3d 187, 192 (1st Cir. 1994).

The Government agrees that Watkins' conviction for conspiracy to commit money laundering is not admissible under Rule 609(a)(2), but it asserts that the remaining 2000 convictions are.  The Court finds that these remaining convictions qualify as convictions for crimes involving dishonesty and false statements.  In United States v. Kuecker, the Seventh Circuit held that "there is no doubt that mail fraud involves 'dishonesty or false statement' for rule 609 purposes."  Kuecker, 740 F.2d 496, 501 (7th Cir. 1984).  The crime of uttering or possessing counterfeit securities is a

violation of 18 U.S.C. § 513(a).  This statute makes it a crime to possess or utter a counterfeited security with the intent to deceive another person and defines "counterfeited" as "a document that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety."  18 U.S.C. § 513(c).  The Seventh Circuit has held that counterfeiting currency "is an offense in the nature of *crimen falsi*" and admissible under Rule 609(a)(2).  Noble, 754 F.2d at 1331.  The Ninth Circuit has concluded that the same is true of conspiracy to utter or possess counterfeit securities.  United States v. Cuozzo, 962 F.2d 945, 948 (9th Cir. 1992).  Thus, the Court finds that Watkins' convictions for conspiracy to utter or possess counterfeit securities and uttering or possessing counterfeit securities also qualify for admission under Rule 609(a)(2).  Because Watkins' convictions for these two crimes and for mail fraud all satisfy the requirements of Rule 609(a)(2), the Court will not exclude them.

As an alternative, Watkins asks the Court to allow the Government to show that Watkins was convicted of three felonies in 2000 but prohibit it from naming the crimes.  In the Court's view, this would defeat Rule 609(a)(2)'s purpose of allowing impeachment with evidence of convictions demonstrating a lack of credibility.  The Government must be able to show

that Watkins was convicted of crimes of dishonesty and false statements, and naming his crimes will allow it to do so.

THEREFORE, Defendant Watkins' First Motion in Limine (d/e 14) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:  April 2, 2009

    FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE